IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Teresa T. Sellars, | ) | Civil Action No. 4:05-01374-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Joanne B. Barnhart, Commissioner | ) | |
| of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 10, 2006, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on November 13, 2006, indicating that she opposes the plaintiff's request for fees on the basis that the defendant's position was substantially justified in the case. Should the Court find that the defendant's position was not substantially justified, the defendant also disagrees with the manner in which the plaintiff calculated the fees.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

---

[1] The Commissioner of Social Security is now Michael J. Astrue.

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

While the remand of an agency decision for further proceedings does not always mean that the agency's actions were not substantially justified, this court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. This Court adopted the Report of the Magistrate Judge, after no objections were filed, and remanded the case for further administrative proceedings. The ALJ was directed to discuss Dr. Harper's conclusion that the plaintiff can only understand simple, routine 1-2 step instructions and, if the ALJ intended for the VE to consider this assessment when she stated for him to consider Exhibit 11F, then she was instructed to resolve any conflict regarding whether the remaining occupations are in conflict with the testimony of the VE based upon their language and reasoning requirements. If the ALJ resolves the conflict by finding that the plaintiff cannot perform one or more of the jobs listed, then she was instructed to decide if the remaining job or jobs constitute a significant number of jobs or if there has been a significant erosion of the plaintiff's occupational base. Otherwise, the ALJ was directed to

submit a new hypothetical to the VE containing all of the limitations set out in Dr. Harper's report. Moreover, the ALJ was directed to "explain her conclusion that plaintiff can now lift 50 pounds occasionally and 25 pounds frequently considering the fact that plaintiff has had carpal tunnel release surgery, received a permanent impairment as a result, had continued to complain to problems when she saw Dr. Korn, and testified to continued problems. In addition, the Commissioner may deem it necessary to have plaintiff undergo an evaluation to determine the extent of her functional limitations with regard to her hands to assess plaintiff's ability to use her hands, ability to lift, and ability to grasp." (Report and Recommendation, p. 18). On the basis of the above, the Court finds the position of the government was not substantially justified.

The defendant next contends that, in computing her requested attorney's fees, Plaintiff should have applied the **South urban** CPI-U for **January 2006**, the midpoint date of the services provided by her attorney, instead of the **national** CPI-U for **August of 2006**, when she became the prevailing party.

Attorney's fees in excess of $125 per hour should not be awarded unless the court finds that an increase in the cost of living or a "special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

First, as to the Commissioner's position that the temporal midpoint of the period during which services were rendered is the applicable date, the Act is silent. The United States District Court for the District of South Carolina addressed a similar argument in Ball v. Sullivan, 754 F.Supp. 71, 75 (D.S.C. 1990). In Ball, the court rejected the "contention that the hours claimed by petitioner on behalf of plaintiff must be broken down by year or month and varied rates calculated for each division." The court made reference to "the figure most closely corresponding to the close of services rendered in this case," which was June 1990, when referring to the application and calculation of the CPI figure. Id. at 74. This court holds that August, 2006 is an appropriate endpoint for computing the cost of living

adjustment of the EAJA statutory cap in the case at bar, especially in light of the fact that there is only $79.56 total difference between the amount requested and the amount asserted by the government.[2]

The Commissioner next contends that plaintiff counsel's hourly rate should be calculated using the South urban regional CPI rather than the national average. The Commissioner relies on non-binding cases from other courts, Manino v. West, 12 Vet. App. 242 (1999) and Cox Constr. Co. v. United States, 17 Cl.Ct. 29 (1989). In a recent decision, the District Court for the Southern District of California rejected the analysis of the above cases and held that the national index should control. Al Jawad v. Commissioner of SSA, 370 F.Supp.2d 1077 (S.D.Cal. 2005).

This court notes that in Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992), the Fourth Circuit held that a broad cost of living index is the appropriate measure by which to calculate a cost of living enhancement to the statutory fee. Therefore, the Court holds that the plaintiff appropriately used the national CPI in her request for attorney's fees. However, the plaintiff's attorney should note that, if she is later awarded fees under Section 406(b), then she will be required to reimburse the plaintiff for the amount of the fees received under EAJA.

Based on the foregoing and after consideration of the briefs and affidavits submitted, the court overrules the defendant's response to the plaintiff's motion for attorney's fees. The court so Orders the defendant to pay Plaintiff's counsel by direct deposit to his bank account the sum of $3400.90 in attorney's fees, representing 12 hours of attorney time at a rate of $163.70 per hour plus 22.10 hours of paralegal time at $65 per hour. The Court also awards the plaintiff additional fees of $687.54 for

---

[2] "[T]he cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process. The agency should not reap the benefits of any inflation during litigation. Similarly, attorneys should not have the purchasing power of their fees eroded by such inflation." Garcia v. Schweiker, 829 F.2d 396, 402 (3rd Cir. 1987) (internal citations omitted).

preparation of the Reply (4.2 hours of attorney time at $163.70 ), in addition to an award of $250.00 in costs for a total award of $4338.44.

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 22, 2008
Florence, South Carolina

5